# IN RE BERGER.

PATENTS; PATENTABILITY; ANTICIPATION.

In an improved sink or shelf bracket having its brace bar so pivoted that it can be swung out of the way of tools used in putting the bracket in place, a mere change from the manner called for by a previously granted patent, of securing the brace to accomplish the same result, does not involve invention, but mere mechanical skill. (Following *Re Garrett,* 27 App. D. C. 19; *Millett* v. *Allen,* 27 App. D. C. 70; *Re Warren,* 30 App. D. C. 308.)

No. 540.   Patent Appeals.   Submitted November 19, 1908.   Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting one of two claims in an application for a Patent.                                                  *Affirmed.*

The facts are stated in the opinion.

*Mr. William G. Henderson* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, Bruno Berger, filed an application for an improved sink or shelf bracket, having two claims. One of these was allowed, the other rejected. From the decision rejecting that claim he has appealed. The claim reads as follows:

"A sink or shelf bracket composed of angularly disposed members normally joined one to the other, and a connecting brace bar having one end permanently secured to one of said members by a rivet pivotally connecting it thereto between the angularly disposed members, the opposite end of said bar being free, to permit the brace bar to be swung to one side of the bracket in place, substantially as described."

The invention is thus described in appellant's brief: "The object of the invention is to construct the bracket so that its bracing bar, while forming a permanent inseparable part of the bracket, may, when the bracket is being set up in place, be swung to one side out of the way, in order that the workman may have perfect freedom in the use of his hands for the unobstructed manipulation of the necessary tools in attaching the bracket to the wall and the sink to the horizontal arm of the bracket. This is accomplished by loosely riveting one end of the brace to one arm of the bracket, so that the rivet serves as a pivot on which the brace may turn, or rotate, the other end of the brace being left free and unattached, and the two arms of the bracket formed so as to permit the brace to swing freely

to one side or the other to meet the requirements of the place or position in which the brackets are set up."

Several patents were cited as references, but only two were finally relied on,—Doebler, December 21, 1897, and Callender, July 9, 1901.

The Commissioner said: "None of the references cited shows the exact construction set forth in the claim. The patent to Callender, however, shows a sheet-metal bracket having a detachable brace which is secured in place by screws passing therethrough and through the wall and shelf portions of the bracket. The Doebler patent shows a sheet-metal bracket, the brace of which is riveted to the wall and shelf portions. The holding of the Examiner that the claim is not patentable over these references was clearly correct. To omit one of the rivets of the Doebler device, or to omit the lugs and projections of the Callender device and rivet one end of the brace, constitutes a mere reorganization of the parts, which is not invention. It is urged that by pivoting the brace it can be swung aside so as to be out of the way of the tools used in putting the bracket in place, but this is true of the Callender construction, since the bracket can be fastened to the wall and to the shelf before the brace is put in place."

The contention of the appellant is that, to adapt the construction of either patent to perform the function of applicant's bracket, they must be reconstructed for the purpose of putting into practice a conception not suggested by either patentee. "In other words," he says, "neither patent, in the remotest degree, suggests the idea, or discloses a construction capable of putting it into practice." And in an attempt to bring himself within the doctrine relating to some apparently simple inventions which were nevertheless held to be patentable, that was enounced in *Webster Loom Co.* v. *Higgins,* 105 U. S. 580, 591, 26 L. ed. 1177, 1181, and other cases cited, he argues as follows:

"In behalf of the applicant it is contended that if the idea is original, and when embodied in practical form the construction is novel, and the parts operate in a manner of which the

citations are incapable, and a useful purpose is served, all the requisites of invention and patentability are existing, and the invention is entitled to protection of patent. If any patent were cited showing the idea to be old, and some means for carrying the idea into practice, there might then be raised the question whether the particular means employed by applicant for carrying the same idea into practice involved invention or mere mechanical skill. But where the conception is novel, the construction is novel, and a useful result is accomplished, the inventor is entitled to a patent, however simple his invention may be."

We may assume the applicability of this argument to Doebler's patented construction, for while his brace is riveted, though not loosely so as to act as a pivot, he apparently had no conception of the object which applicant had in view, namely, the convenient fastening of the bracket, under all conditions of location of the shelf or sink, without the interference of the brace in the operation. But it does not apply to Callender, who had this object in view, and went about its attainment in a different way. In the specification of the latter's patent it is said:

"In this class of brackets, which are designed to be attached to the wall and shelf or other structure by screws or similar fastening devices, difficulty has been experienced in conveniently securing the same in position by reason of the position of the supporting brace, which prevents the use of the tools in a convenient manner. In my improved device, the shelf and wall plates are first secured in position, and the brace afterwards attached thereto."

Instead of riveting one end of his brace loosely to the bracket so that it would act as a pivot, leaving the brace to be swung out of the way of the mechanic while securing the bracket to the wall and shelf, he accomplished the same purpose by attaching his brace after the bracket shall have been secured in position. Having this object disclosed in the specification of the patent, with knowledge of which the applicant must stand charged, the real question presented is whether the mere change in the manner of

securing the brace to accomplish the same beneficial result involved invention or mere mechanical skill.

The object of the invention is not an important one to which the attention of skilled mechanics would probably be called, to any extent, with a view to provide a simpler or more effective means than that of Callender to carry it out. The pivoted rivet was ol 1 and in constant use. It seems to us, therefore, that any skilled mechanic, with the specifications of other patents before him, and desiring to improve on Callender's · exploitation of the idea, would readily have conceived a construction similar to applicant's. See *Re Garrett,* 27 App. D. C. 19, 23; *Millett* v. *Allen,* 27 App. D. C. 70, 76; *Re Warren,* 30 App. D. C. 308, .311. We agree with the Commissioner that the claim of invention is not made out. The decision rejecting the application will therefore be affirmed. It is so ordered; and the clerk will .certify this decision to the Commissioner of Patents, as the law prescribes. *Affirmed.*